644 A.2d 215

**ESTATE OF Mary ROSENBERG, Deceased, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1994.

Decided June 13, 1994.

Petition for Allowance of Appeal Granted Dec. 7, 1994.

Jerry B. Chariton, for appellant.

Edward P. Carey, Regional Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The Estate of Mary Rosenberg (Estate) petitions for review of a final administrative order of the Department of Public Welfare (DPW), dated August 5, 1993, that affirmed a hearing examiner's decision which denied a request for Medical Assistance (MA)[1] benefits for Mary Rosenberg after determining that the remaining principal of a testamentary trust set up by her late husband was an available resource which exceeded the MA program limits of $2400. We affirm.

On November 10, 1972, Louis Rosenberg executed his will containing a testamentary trust. He later died on January 2, 1976. At the time of his death Louis Rosenberg was survived by Mary, his wife, two sons, Ellis Rosenberg and John B. Rosenberg, and two grandchildren, Andrew Rosenberg, and Lauri Rosenberg (both children of John B. Rosenberg). Ellis and John Rosenberg were appointed as executors of Louis Rosenberg's will and also the surviving trustees[2] of the testamentary trust. Under Louis Rosenberg's will, $157,000 passed outright to Mary Rosenberg and $65,000 was distributed to the testamentary trustees. Louis Rosenberg also established two separate trusts of $10,000 each for his two grandchildren (Andrew and Lauri). Louis Rosenberg's testamenta-

---

1. Medical Assistance, known as Medicaid in other states, is a joint federal and state welfare program.

2. Ellis Rosenberg predeceased Mary Rosenberg leaving John Rosenberg as the sole surviving trustee.

ry trust directed the trustees to pay Mary Rosenberg income from the trust and also gave the trustees discretion to distribute principal for her medical and surgical expenses and other "unusual" needs.

On February 27, 1992, John Rosenberg filed an application on behalf of Mary Rosenberg for MA benefits. The application disclosed information regarding the terms of the testamentary trust established by Louis Rosenberg and that it had a principal of $55,000. As a result, DPW's Lehigh County Assistance Office (CAO) denied the application after determining that Mary Rosenberg's available resources exceeded the MA program limit of $2,400 for one person. On March 17, 1992, Mary Rosenberg appealed. On January 22, 1993, prior to a resolution of this matter, Mary Rosenberg died. On August 4, 1993, Hearing Examiner Marsha Clay issued an order denying Mary Rosenberg's appeal. On August 5, 1993, DPW affirmed and finalized the order. The Estate appeals to this Court.

The Estate alleges that DPW erred in holding that the principal of the testamentary trust established by Louis Rosenberg was an "available resource" of Mary Rosenberg because at the time of his death Louis Rosenberg intended that his testamentary trustees would have the discretion to preserve the principal of the trust for Louis Rosenberg's surviving issue rather than dissipate it for the benefit of DPW.

In *Commonwealth Bank and Trust Co. v. Department of Public Welfare*, 528 Pa. 482, 598 A.2d 1279 (1991), our state Supreme Court held that in determining whether the principal remaining in a testamentary trust is an "available resource" which precludes the trust's sole life beneficiary from receiving MA benefits, an inquiry must be made as to whether the testator intended such funds to be utilized as a resource. *Id.* at 486–87, 598 A.2d at 1281.

In the present case, the fourth paragraph of Louis Rosenberg's will provides:

*FOURTH* All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to my

Trustees hereinafter named, IN TRUST, to hold manage, invest and reinvest the same, to collect the income therefrom, and to pay the net income and principal as follows:

A. If My wife, Mary, survives me, then for the duration of her life, the Trustees shall pay the net income from this trust quarterly, to my said wife.

B. While my wife, Mary, is alive, the Trustees are authorized, in their sole discretion, to use principal for the comfort, welfare, and maintenance and support, for educational requirements, medical and surgical expenses, and other unusual needs of my said wife.

Reproduced Record (R.R.) at 20a.

As indicated by Louis Rosenberg's will, his wife is the sole life beneficiary of the testamentary trust and the trustees are authorized to use the principal of the trust for her medical and surgical expenses or her other unusual needs. It clearly appears from his will that Louis Rosenberg intended the principal of the trust to be an available resource to pay for his wife's medical bills.

However, the Estate contends that Louis Rosenberg intended to authorize his son as surviving trustee, in the exercise of his discretion, to preserve the principal of the trust for Louis Rosenberg's surviving issue, rather than dissipate it for the benefit of DPW. The Estate relies on *Lang v. Department of Public Welfare*, 515 Pa. 428, 528 A.2d 1335 (1987), wherein the Supreme Court concluded that the trustee did not have a duty to pay for a handicapped beneficiary who was statutorily entitled to public assistance; and *Snyder v. Department of Public Welfare*, 528 Pa. 491, 598 A.2d 1283 (1991), wherein the Supreme Court held that the principal of a testamentary trust established for both a son and daughter was not an available resource for the son who was already receiving public benefits.

Unlike the present case wherein Mary Rosenberg was the sole life beneficiary, both *Lang* and *Snyder* involve testamentary trusts with multiple life beneficiaries. *Lang* involved a trust set up to benefit four children and encompassed two-thirds of the estate. One of the children was a mentally-

retarded thirty-five year old who resided at a mental retardation center who had been receiving financial assistance from DPW through the Mental Health and Mental Retardation Act.[3] The Supreme Court noted that the General Assembly, through the Mental Health Act, provided that the liability of any person with a legal duty to support a recipient ceases when the recipient reaches the age of eighteen. *Lang,* 515 Pa. at 444, 528 A.2d at 1344. Further, in *Lang* the testator entered into an agreement with the Commonwealth to pay for thirty-seven percent of the costs of this individual's care. Consequently, the Court concluded that the testator intended only to supplement the statutory benefits to which his child was entitled. *Id.* The present case does not involve any statutory scheme designed to relieve the testator from the duty to support a spouse and is thus factually distinguishable from *Lang.* Also, because Mary Rosenberg was not receiving any benefits prior to her husband's death, we believe *Lang* is inapplicable.

In *Snyder v. Department of Public Welfare,* 528 Pa. 491, 598 A.2d 1283 (1991), the companion case to *Commonwealth Bank,* the Supreme Court similarly distinguished the situation in *Snyder* from the one in *Commonwealth Bank.* The Court noted that where the testator named both her son and daughter as beneficiaries, and that at the time of the her death she knew that her son was receiving public benefits, she did not intend to exhaust the entire principal of the trust on her son, which would not only deprive him of the public benefits to which he was entitled, but would also deprive the daughter from receiving any benefit from the trust. *Id.* at 498–99, 598 A.2d at 1286–87. The Court thus concluded the testator intended that her son continue receiving the public benefits to which he was entitled.

Conversely, in the matter presently before us, Mary Rosenberg was the sole beneficiary of the trust and was not receiving any public benefits at the time of her husband's death. In view of the foregoing decisions of our Supreme Court, we hold

3. Act of October 20, 1966, Special Session No. 3, P.L. 96, *as amended,* 50 P.S. §§ 4101–4704.

that DPW was correct in determining that Louis Rosenberg intended that the principal of the testamentary trust he established be available to his wife for her medical expenses and that he did not intend for her to rely on public assistance for her health care after his death.

Order affirmed.

### ORDER

AND NOW, to wit, this 13th day of June, 1994, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.